FILED
07/29/2020
Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 15, 2020

### STATE OF TENNESSEE v. CARROLL DEAN YOCUM

**Appeal from the Circuit Court for Lawrence County**
**No. 34430     Stella L. Hargrove, Judge**

_____

### No. M2019-01174-CCA-R3-CD

_____

Carroll Dean Yocum ("Defendant") appeals the trial court's full revocation of his probationary sentence and the imposition of his sentence in confinement. Defendant claims the trial court abused its discretion and argues his probation should be reinstated. Following a thorough review, we conclude that the trial court did not abuse its discretion. The judgment of the trial court is affirmed.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL and TIMOTHY L. EASTER, JJ., joined.

Brandon E. White, Columbia, Tennessee (on appeal); Travis Jones, District Public Defender; Craig Moore, Assistant District Public Defender, Pulaski, Tennessee (at hearing) for the appellant, Carroll Dean Yocum.

Herbert H. Slatery III, Attorney General and Reporter; Ruth Anne Thompson, Senior Assistant Attorney General; Brent A. Cooper, District Attorney General; and Gary Howell, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION
### Factual and Procedural Background

On April 12, 2017, the Lawrence County Grand Jury indicted Defendant on two counts for the sale of 0.5 grams or more of a Schedule II controlled substance. Defendant pled guilty to one count and was sentenced to eight years in the Tennessee Department of Correction ("TDOC"), which was suspended to supervised probation following the service of one-year split confinement. The State nolled the second count.

A violation of probation warrant was filed on December 8, 2017, which alleged Defendant violated his probation when he failed to report to the probation office within seventy-two hours of his release from prison. On February 22, 2018, the trial court partially revoked Defendant's probation, ordered Defendant to serve ninety days for the violation, and returned him to supervised probation. A second violation of probation warrant was filed on April 13, 2018, which alleged Defendant violated his probation by failing a drug screen, possessing pornographic materials in violation of his sex offender status, and accessing the internet without permission. As a result, on June 21, 2018, the trial court partially revoked Defendant's probation for one year and one day and again returned Defendant to probation with the additional condition that Defendant enroll in a long-term rehabilitation program following his release.

In the present case, the trial court issued a violation warrant that alleged Defendant had violated his probation by testing positive for methamphetamine.

Officer Jeremy Wallace, Defendant's supervising probation officer, testified that he administered a random drug screening to Defendant and that the test came back positive for methamphetamine. Officer Wallace then sent the sample to Alere Labs, which confirmed the positive drug test results.

On cross-examination, Officer Wallace testified that Defendant spoke with him about wanting to go to drug rehabilitation treatment. Officer Wallace stated that Defendant was recommended to a social worker within his organization to discuss possible rehabilitation programs. Officer Wallace did not know whether the social worker, or anyone else, actually recommended any rehabilitation programs to Defendant.

Defendant testified that he had been a drug addict for "all of [his] life." Defendant claimed that he contacted a rehabilitation program that was recommended to him but that it only lasted forty-five days. Defendant said that he informed the social worker of this discovery, but the social worker did not provide any additional recommendations for a long-term rehabilitation program. Defendant agreed he would be willing to participate in a program if one was available.

On cross-examination, Defendant conceded that he did not look for any other programs. Defendant also claimed it was his "understanding" that either the probation officer or the State would be responsible for placing Defendant in an appropriate rehabilitation program.

At the close of the hearing, the trial court found Defendant violated his probation by failing a drug test. Accordingly, the trial court fully revoked Defendant's probation and ordered him to serve his eight-year sentence in confinement.

## Analysis

Defendant contends that the trial court abused its discretion when it fully revoked Defendant's probation and ordered him to serve his eight-year sentence in confinement. Defendant argues that the trial court should have partially revoked Defendant's probation, ordered Defendant to complete an in-patient substance abuse rehabilitation program, and then reinstated Defendant's probation. Conversely, the State argues that the trial court exercised proper discretion in fully revoking Defendant's probation. We agree with the State.

Upon a finding by a preponderance of the evidence that a defendant has violated a condition of his or her probation, a trial court may revoke probation and "commence the execution of the judgment as originally entered[.]" Tenn. Code Ann. § 40-35-311(e)(1)(A) (2019); *State v. Kendrick*, 178 S.W.3d 734, 738 (Tenn. Crim. App. 2005) (citing *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991)). We will not disturb the trial court's ruling on appeal absent an abuse of discretion. *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001) (citing *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991)). To establish an abuse of discretion, a defendant must show that there is "no substantial evidence" in the record to support the trial court's determination that a violation of probation has occurred. *Id.*

In the present case, the trial court partially revoked Defendant's probation twice in less than one year for Defendant's failure to abide by his probation restrictions before fully revoking Defendant's probation. One previous partial revocation occurred because Defendant tested positive for illegal drugs. Defendant subsequently tested positive for methamphetamine when his probation officer administered a random drug screening test.

The record supports the trial court's decision to fully revoke Defendant's probation. Defendant's failure to pass a drug test constituted substantial evidence in support of the trial court's finding of a probation violation, and we will not disturb this finding on appeal. *Shaffer*, 45 S.W.3d at 554. Moreover, upon consideration of the instant violations coupled with Defendant's previous violations, the trial court acted within its discretion when it ordered Defendant to serve his sentence in confinement. *See* Tenn. Code Ann. § 40-35-311(e)(1)(A) (2019).

## Conclusion

For the aforementioned reasons, we affirm the judgment of the trial court.

_____
ROBERT L. HOLLOWAY, JR., JUDGE

- 3 -